IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-9016-MC-C-NKL |
| | ) | |
| SARAH L. PATRICK, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

A petition to enforce and Internal Revenue Service ("IRS") summons was filed by the United States of America on September 30, 2010, which was referred to the undersigned by the Honorable Nanette K. Laughrey for processing and handling in accordance with Local Rule 72.1(k) and 28 U.S.C. § 636. Respondent Sarah L. Patrick ("Patrick") failed to answer or otherwise challenge the allegations of the petition. Thus, on January 21, 2011, the court entered an order directing Patrick to appear before the undersigned at the United States Courthouse, 131 W. High Street, Jefferson City, Missouri, on February 22, 2011, at 1:30 p.m., to show cause why the IRS summons should not be enforced. (Doc. 8.)

A certified copy of the order was personally served on Patrick's husband, Brian Terhaar, on January 27, 2011, at Patrick's last and usual place of abode by the United States Marshal's Service. (Doc. 10.) Patrick failed to appear at 1:30 p.m. on February 22, 2011. The court waited until 2:00 p.m., but Patrick failed to appear or present any reason for not appearing.[1]

In <u>United States v. First Nat. Bank of Mitchell</u>, 691 F.2d 386, 387 n.3 (8th Cir. 1982), the court stated that whether to enforce an IRS summons can be decided on the written record, as follows:

> Generally, a taxpayer is entitled to a hearing prior to enforcement of an IRS summons. <u>United States v. Powell</u>, 379 U.S. 48 (1964). However, this right is not absolute. If the person summoned neither challenges allegations in the complaint nor raises proper

---

[1] Record was made of this court proceeding.

affirmative defenses, no evidentiary hearing is required; the matter can be decided on the written record.

As of the date of this report and recommendation, Patrick has not filed an answer or any other pleading challenging any allegation in the petition or raising an affirmative defense and failed to appear in response to an order of this court to show cause why the summons should not be enforced. Therefore, this report and recommendation is based on the written record, including the declaration of Revenue Officer Deborah J. May ("Officer May"). (Doc. 1, Exh. 2.)

## I. Findings of Fact

1. Officer May is employed by the IRS as a Revenue Officer in the Small Business/Self-Employed Division of the Internal Revenue Service.

2. Officer May is conducting an investigation into the collection of unpaid income tax liabilities of Patrick for 2003 through 2006 and 2008.

3. On August 10, 2010, Officer May, in furtherance of her investigation, issued a summons directed to Patrick. Officer May served an attested copy of the summons on Patrick by leaving it with Patrick's husband, Brian Terhaar, at the last and usual place of abode of Patrick. The summons required Patrick to appear before Officer May at 9:30 a.m., August 31, 2010, to produce for examination her books, papers, records, and other data as described in the summons from which the IRS can determine Patrick's assets for collection of her unpaid personal tax liabilities for 2003 through 2006 and 2008, and to testify about those records and generally about her income. Patrick did not appear on August 31, 2010, or otherwise comply with the summons.

4. Patrick was afforded another opportunity to comply with the summons by appearing before Officer May on September 20, 2010. Patrick failed to appear on September 20, 2010, or otherwise comply with the summons.

5. The testimony, books, records, papers and other data sought by the summons is necessary to properly collect the federal tax liability of Patrick for the collection of unpaid income tax liabilities of Patrick for 2003 through 2006 and 2008.

6. The books, papers, records, and other data sought by the summons are not already in the possession of the IRS.

7. All administrative steps required by the Internal Revenue Code for issuance of a summons have been taken.

8. There has been no recommendation made by the IRS to the Department of Justice for criminal prosecution of Patrick.

## II. Internal Revenue Service Summons

The IRS may issue a summons in order to inquire into any offense connected with the administration or enforcement of the internal revenue laws. 26 U.S.C. § 7602(b). In order to establish a prima facie case for enforcement of a summons, the Government must make a "minimal showing" that (1) the summons is for a legitimate purpose, (2) the material being sought is relevant to the investigation, (3) the information is not already in the IRS's possession, and (4) the administrative steps required by the Internal Revenue Code have been followed. United States v. Powell, 379 U.S. 48, 57-58 (1964). Assertions by affidavit of the investigating agent that the requirements are satisfied are sufficient to make a prima facie case. United States v. Abrahams, 905 F.2d 1276, 1280 (9th Cir. 1990); United States v. Will, 671 F.2d 963,966 (6th Cir. 1982).

Once the Government establishes a prima facie case for enforcement of a summons, the burden shifts to the respondent to show that the summons was issued for an improper purpose or was otherwise deficient. United States v. Abrahams, 905 F.2d at 1280; United States v. Beacon Federal Savings & Loan, 718 F.2d 49, 52 (2d Cir. 1983). In contrast to the Government's "minimal burden" to make out a prima facie case, the party resisting the summons bears a "heavy" burden of disproving the IRS assertion. United States v. Abrahams, 905 F.2d at 1280.

Based on the declaration of Officer May, I find that the IRS has made out a prima facie case for enforcement of the summons. By means of Officer May's declaration, the IRS has clearly made the minimal showing necessary to satisfy its threshold burden that the Powell requirements were met. The declaration states that (1) the information sought is necessary for the collection of unpaid income tax liabilities of Patrick for 2003 through 2006 and 2008; (2) the information sought is material and necessary since it will show whether any assets of the taxpayer are available to satisfy the tax liability for those periods mentioned above; (3) the information is not already in the possession of the IRS; and (4) the administrative steps required

3

by the Internal Revenue Code have been followed.  Therefore, the IRS is entitled to an order for enforcement of this summons, unless the respondent can show that the summons was issued for an improper purpose or was otherwise deficient.  United States v. Abrahams, 905 F.2d at 1280.  Since Patrick has failed to answer or otherwise respond, and failed to appear in response to the order of this court directing her to appear and show cause why the summons should not be enforced, she has failed to meet this heavy burden.

### III.  Conclusion

The undersigned finds that the IRS has made out a prima facie case for enforcement of the summons and that Patrick has failed to show that the summons was issued for an improper purpose or was otherwise deficient.  Therefore, it is

RECOMMENDED that the court, after making its own independent review of the record, enter an order directing compliance with the summons on a date and at a time agreed upon by Officer May and Patrick, but not later than thirty days after the service of an order directing compliance with the summons upon Patrick.  It is further

ORDERED that the Clerk of the Court forward a copy of this Report and Recommendation to Respondent Sarah L. Patrick, 4623 County Road 304, Fulton, Missouri 65251.

All parties and counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to the Report and Recommendation.  A failure to file and serve exceptions by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

Dated this 1st day of March, 2011, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge